# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| SENEUEFA FARANI,<br><br>Plaintiff,<br><br>v.<br><br>EXPRESS RECOVERY SERVICES, INC.; et al.,<br><br>Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:10-cv-331-DB-PMW<br><br>District Judge Dee Benson<br><br>Magistrate Judge Paul M. Warner |

District Judge Dee Benson referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the court is Express Recovery Services, Inc.'s ("Express Recovery") motion for sanctions.[2]

## BACKGROUND

Seneuefa Farani ("Plaintiff") originally filed this case in state court in March 2010, and it was removed to this court on April 13, 2010.[3] On October 18, 2010, a scheduling order was entered setting various dates and deadlines, including a deadline for the completion of fact discovery of February 14, 2011.[4]

---

[1] *See* docket no. 51.

[2] *See* docket no. 31.

[3] *See* docket no. 1.

[4] *See* docket no. 12.

On January 14, 2011, Express Recovery served a set of written discovery requests on Plaintiff, including requests for admission, interrogatories, and requests for production of documents ("Discovery Requests"). Plaintiff failed to respond to the Discovery Requests. Plaintiff also failed to make herself available for a deposition. After repeated and unsuccessful demands that Plaintiff respond to the Discovery Requests and appear for a deposition, Express Recovery filed a motion to compel on March 18, 2011.[5] On May 27, 2011, Express Recovery also filed a motion to amend the scheduling order.[6]

On April 12, 2011, Plaintiff's counsel filed a certificate of service, along with responses to Express Recovery's requests for admission, which indicated that those responses had been signed and hand-delivered to Express Recovery on February 14, 2011.[7] However, as noted by Express Recovery, those responses are of questionable origin. The caption of those February 14, 2011 responses lists both Judge Benson and Magistrate Judge Warner in the caption;[8] however, Judge Benson did not enter the original order of reference in this case until March 28, 2011.[9]

The parties came before the court for oral argument on Express Recovery's two motions on June 9, 2011.[10] Plaintiff was represented by Brian W. Steffensen, and Express Recovery was

---

[5] *See* docket no. 15.

[6] *See* docket no. 24.

[7] *See* docket no. 21.

[8] *See id*.

[9] *See* docket no. 17.

[10] *See* docket no. 26.

represented by Caleb J. Frischknecht and Stephen C. Tingey. After hearing oral argument, the court ruled from the bench, granting both Express Recovery's motion to compel and its motion to amend the scheduling order.[11] The court ordered that Express Recovery's requests for admission were deemed admitted and that Plaintiff was required to provide responses to the remainder of the Discovery Requests within ten days. The court also ordered Plaintiff to appear for a deposition within thirty days. The court granted Express Recovery's request for an award of reasonable expenses, including attorney fees, under rule 37(a)(5)(A) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 37(a)(5)(A). Finally, the court extended the dispositive motion deadline by sixty days. On June 16, 2011, consistent with the court's ruling from the bench, the court entered an amended scheduling order.[12]

Soon after the hearing, Express Recovery's counsel sent an e-mail to Plaintiff's counsel proposing that Plaintiff's deposition take place between July 5-8, 2011; inquiring as to Plaintiff's availability during those dates; and requesting that if Plaintiff was not available during those dates, that she provide other dates before the deadline set by the court.[13]

On the night of June 20, 2011, which was the deadline for production set by the court at the June 9, 2011 hearing, Plaintiff's counsel e-mailed written responses to the remainder of the Discovery Requests.[14] However, Plaintiff did not produce any documents in response to Express

---

[11] *See id.*

[12] *See* docket no. 29.

[13] *See* docket no. 32, Exhibit B.

[14] *See id.*, Exhibits C-D.

Recovery's document requests.[15] Instead, Plaintiff's responses indicate that Plaintiff's counsel would provide any responsive documents that Plaintiff could locate "upon reasonable notice to [sic] plaintiff's counsel."[16] As a result, Express Recovery had not received any documents from Plaintiff and was approaching the deadline set by the court for Plaintiff's deposition. In addition, Plaintiff's answers to Express Recovery's interrogatories were incomplete and were not signed by Plaintiff as required by rule 33(b)(5) of the Federal Rules of Civil Procedure.[17] *See* Fed. R. Civ. P. 33(b)(5).

The following day, Express Recovery's counsel sent a letter to Plaintiff's counsel by e-mail.[18] In that letter, Express Recovery's counsel outlined Plaintiff's failure to comply with the court's June 9, 2011 order and demanded that Plaintiff cure such failure by 5:00 p.m. on June 24, 2011.[19] Plaintiff counsel did not respond by June 24, 2011.[20] Plaintiff's counsel did respond by e-mail on June 27, 2011, indicating that he was busy and would contact Express Recovery's counsel "in the next couple of days."[21]

---

[15] *See id.*, Exhibit D.

[16] *Id.*

[17] *See id.*

[18] *See id.*, Exhibit E.

[19] *See id.*

[20] *See id.*, Exhibit A.

[21] *Id.*, Exhibit F.

On July 1, 2011, Express Recovery filed the motion for sanctions before the court.[22] In that motion, Express Recovery requests that Plaintiff's complaint be dismissed for continuing discovery violations, including Plaintiff's failure to comply with the court's June 9, 2011 order. As an alternative, Express Recovery asks the court to again order Plaintiff to provide full responses to the remainder of the Discovery Requests and to submit to a deposition within a reasonable time thereafter. Finally, pursuant to rule 37(b)(2)(C), Plaintiff requests that it be awarded its reasonable expenses, including attorney fees, based on Plaintiff's failure to comply with the court's June 9, 2011 order. As of the date Plaintiff's motion for sanctions was filed, Plaintiff had not done anything to further comply with the court's June 9, 2011 order.[23]

On July 13, 2011, consistent with the ruling at the June 9, 2011 hearing, this court entered an order awarding Express Recovery its reasonable expenses incurred in connection with its motion to compel.[24] The court ordered that, under the totality of the circumstances, Plaintiff's counsel was personally responsible for payment of the award.[25] The court directed Plaintiff's counsel to pay Express Recovery $2921.20 within thirty days of the date of the order and to file

---

[22] *See* docket no. 31.

[23] *See* docket no. 32, Exhibit B.

[24] *See* docket no. 33.

[25] *See id*.

proof of that payment with the court.[26] After being provided with an extension of time,[27] Plaintiff's counsel complied with the court's order.[28]

Plaintiff responded to Express Recovery's motion for sanctions on July 27, 2011.[29] In that response, Plaintiff's counsel presents many arguments concerning the merits of the case. Plaintiff's counsel also lists other cases in which other attorneys or law firms have purportedly failed to provide timely discovery responses to him. Plaintiff's counsel contends that Plaintiff has responded in good faith to every one of Express Recovery's interrogatories, but admits that those responses are not signed by Plaintiff. Plaintiff also maintains that she has no documents to produce to Express Recovery. To explain the deficiencies in Plaintiff's discovery responses and her failure to appear for a deposition, Plaintiff's counsel asserts that he has been unable to locate Plaintiff or communicate with her. Accordingly, Plaintiff's counsel requests that he be provided with additional time to obtain Plaintiff's signature on her discovery responses and to provide Express Recovery with a deposition date. Plaintiff also presents two alternatives to that request. As a first alternative, Plaintiff asserts that if he is unable to contact Plaintiff, the appropriate remedy would be to limit Plaintiff's damage claim to the statutory minimum of $2000. As a second alternative, Plaintiff contends that the court could disallow actual damages altogether and award only the $1000 in statutory penalty costs and fees.

---

[26] *See id.*

[27] *See* docket no. 38-39.

[28] *See* docket no. 44.

[29] *See* docket no. 36.

On August 16, 2011, Plaintiff filed a motion for summary judgment, notwithstanding her failure to provide complete discovery responses, as detailed above. In response, Express Recovery filed a motion under rule 56(d) of the Federal Rules of Civil Procedure to continue briefing on and consideration of Plaintiff's motion until Plaintiff provided full responses to the Discovery Requests and submitted to a deposition.[30] *See* Fed. R. Civ. P. 56(d). In addition, Express Recovery filed a motion for an extension of time to respond to Plaintiff's motion for summary judgment.[31] In the response to those two motions, Plaintiff's counsel argues that he has complied with Plaintiff's discovery obligations by way of the motion for summary judgment. In other words, Plaintiff's counsel asserts that the motion for summary judgment "is itself essentially a supplemental discovery response."[32]

On September 29, 2011, the parties came before the court for oral argument on those two motions, as well as on Express Recovery's motion for sanctions.[33] The parties were represented by the same counsel present at the June 9, 2011 hearing. At the hearing, Plaintiff's counsel confirmed that he has been unable to locate Plaintiff or communicate with her because she has apparently left town. Plaintiff's counsel could not recall the date of his last communication with Plaintiff, but indicated that it was at least several months ago. Based on his inability to communicate or make any contact with Plaintiff, Plaintiff's counsel also confirmed that Plaintiff

---

[30] *See* docket no. 46.

[31] *See* docket no. 48.

[32] Docket no. 49.

[33] *See* docket no. 50.

had not signed her responses to Express Recovery's interrogatories, had not given him any documents to respond to Express Recovery's requests for production, or made herself available for a deposition. At the conclusion of the hearing, the court took the motions under advisement.

On October 5, 2011, this court issued an order granting Express Recovery's rule 56(d) motion and its motion for an extension of time to respond to Plaintiff's motion for summary judgment.[34] The court ordered that the deadline for Express Recovery to file a memorandum in opposition to Plaintiff's motion for summary judgment was extended until the later of (1) thirty days after the court issues a final ruling on Express Recovery's motion for sanctions and (2) fourteen days after any further discovery ordered by the court is completed.

## ANALYSIS

Express Recovery argues that Plaintiff's complaint should be dismissed for continuing discovery violations, including Plaintiff's failure to comply with this court's June 9, 2011 order. Plaintiff also argues, pursuant to rule 37(b)(2)(C), that it should be awarded its reasonable expenses, including attorney fees, based on Plaintiff's failure to comply with the court's June 9, 2011 order. Based on the analysis below, the court agrees that dismissal of Plaintiff's complaint and an award of reasonable expenses are appropriate sanctions in this case.

### I. Dismissal

Under rule 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure, a court may dismiss a complaint if a party fails to obey a court order to provide or permit discovery. *See* Fed. R. Civ. P.

---

[34] *See* docket nos. 52-53.

37(b)(2)(A)(v) ("If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may . . . dimiss[] the action or proceeding in whole or in part . . . ."). In addition, rule 41(b) of the Federal Rules of Civil Procedure allows the court to dismiss an action for failure to prosecute or to comply with the rules or any order of the court. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.").

Although dismissal is a drastic sanction, it is appropriate in cases of willful misconduct. *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992); *Whatcott v. City of Provo*, 231 F.R.D. 627, 630 (D. Utah 2005). The Tenth Circuit has identified five factors a court should consider before dismissing an action:

> ([A]) the degree of actual prejudice to the defendant; ([B]) the amount of interference with the judicial process; . . . ([C]) the culpability of the litigant; ([D]) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and ([E]) the efficacy of lesser sanctions.

*Ehrenhaus*, 965 F.2d at 921 (quotations and citations omitted) (third alteration in original). "[S]ome of these factors will take on more importance than others." *Id.* at 922. "Determination of the correct sanction for a discovery violation is a fact-specific inquiry that the district court is best qualified to make." *Id.* at 920. The court will now address the above-referenced factors in turn.

### A. Degree of Actual Prejudice to Express Recovery

The court concludes that Plaintiff's and her counsel's conduct in this case has imposed a high degree of prejudice upon Express Recovery. Plaintiff has failed to participate in any

9

meaningful way in the discovery process, making it difficult, if not impossible, for Express Recovery to defend itself. Consequently, Express Recovery was forced to bring its motion to compel and obtain a court order requiring Plaintiff to provide discovery responses and to submit to a deposition. Plaintiff and her counsel failed to obey that court order, which necessitated the instant motion for sanctions brought by Express Recovery. While Plaintiff initiated this lawsuit and brought Express Recovery into court, she appears to have now abandoned her case, which has forced Express Recovery to waste its time and resources litigating against an absentee plaintiff.

### B.  Amount of Interference With Judicial Process

The court has determined that Plaintiff and her counsel have engaged in a high degree of interference with the judicial process. By failing to comply with the most basic requirements of the Federal Rules of Civil Procedure, Plaintiff and her counsel have essentially brought this case to a halt. In the meantime, Plaintiff's counsel has attempted to continue to move forward by way of a motion for summary judgment, despite Plaintiff's failure to provide Express Recovery with any discovery responses or to submit to a deposition. Such conduct has required motion practice and hearings that have constituted a waste of the court's time and resources.

### C.  Culpability of Plaintiff

The court concludes that Plaintiff and her counsel have a high degree of culpability. Plaintiff has effectively abandoned her case without providing any notice of that intention to Express Recovery or the court. According to Plaintiff's counsel, Plaintiff has moved away and has failed to provide any contact information to or communicate with her lawyer. Furthermore,

Plaintiff has failed to participate in discovery or submit to a deposition. The court believes that all plaintiffs and their counsel have a duty to prosecute cases that they initiate, and Plaintiff and her counsel have failed to do so in this case.

### D. Advance Warning of Dismissal as a Sanction

At the June 9, 2011 hearing, this court warned Plaintiff's counsel that it would recommend termination of this lawsuit as a potential sanction if Plaintiff continued in her failure to communicate with her lawyer, provide responses to discovery, submit to a deposition, or prosecute her case overall. Based on Plaintiff's counsel's representations at the September 29, 2011 hearing, Plaintiff has failed to engage in any of that conduct.

### E. Efficacy of Lesser Sanctions

The court does not believe that sanctions other than dismissal would have any efficacy in this case. This court has already imposed monetary sanctions against Plaintiff's counsel personally, which apparently did nothing to persuade Plaintiff or her counsel to participate in discovery or prosecute this case.

### F. Conclusion Concerning Dismissal

For the foregoing reasons, the court concludes that dismissal is an appropriate sanction in this case. Accordingly, Express Recovery's motion for sanctions should be granted and this case should be dismissed with prejudice.

## II. Reasonable Expenses

In addition to dismissal as a sanction, rule 37(b) allows the court to impose monetary sanctions for failure to comply with a court order. Pursuant to rule 37(b)(2)(C),

> [i]nstead of or in addition to the orders [listed in rule 37(b)(2)(A)], the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2)(C).

Plaintiff and her counsel have continually failed to provide discovery, and Plaintiff has failed to participate meaningfully in this case. Even though Plaintiff and her counsel have not communicated for numerous months, Plaintiff's counsel continued in misguided attempts to pursue this case, rather than simply dismissing the case based on Plaintiff's failure to participate in the case or remain in contact with her lawyer. Further, even after having monetary sanctions imposed, Plaintiff and her counsel have failed to comply with this court's June 9, 2011 order concerning discovery. At the same time, and without providing any discovery to Express Recovery, Plaintiff has moved for summary judgment.

Under the circumstances, the court concludes that, in addition to dismissal as a sanction, an award of monetary sanctions to Express Recovery is appropriate. The circumstances also dictate that the sanctions award should be imposed against Plaintiff's counsel personally. *See id*. This is because much of what Plaintiff did, or failed to do, in prosecuting this case was done exclusively by Plaintiff's counsel long after communication with Plaintiff had ceased. The responsibility for those decisions and actions rests solely upon Plaintiff's counsel.

Further, the court is not persuaded that Plaintiff's failure to obey this court's June 9, 2011 order was substantially justified or that an award of reasonable expenses would be unjust. *See id*.

12

By failing to comply with this court's June 9, 2011 order, Plaintiff's counsel has required Express Recovery to engage in unnecessary motion practice and incur unnecessary expenses in this case.

Express Recovery should be awarded its reasonable expenses, including attorney fees, for any efforts in this case subsequent to the court's June 9, 2011 order. The court should order Express Recovery's counsel to submit an affidavit and cost memorandum so that the amount of the sanctions award can be determined by the court.

## CONCLUSION AND RECOMMENDATION

In summary, **IT IS HEREBY RECOMMENDED** that:

1. Express Recovery's motion for sanctions[35] be **GRANTED** and that Plaintiff's complaint be dismissed with prejudice.

2. Express Recovery be granted a sanctions award against Plaintiff's counsel personally for its reasonable expenses, including attorney fees, incurred in this case after this court's June 9, 2011 order.

3. The court order Express Recovery's counsel to submit an affidavit and cost memorandum so that the amount of the sanctions award can be determined by the court.

\* \* \* \* \*

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties

---

[35] *See* docket no. 31.

must file any objection to this Report and Recommendation within fourteen (14) days after receiving it. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

DATED this 21st day of October, 2011.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge